| United States District Court | Southern District of Texas |
|---|---|

Franklin Bank, SSB, §
§
    Plaintiff, §
§
versus §    Civil Action H-06-2783
§
Cash Out Mortgage Corporation, *et al.*, §
§
    Defendants. §

## Opinion on Summary Judgment

1. *Introduction.*

A mortgage company used its line of credit with a bank to fund operations and executives' personal expenses instead of loans to home buyers. Its controller pleaded guilty to bank fraud, admitting, under oath, that he had falsified the company's financial statements. The bank seeks to recover its losses from him – using the plea as an admission of his liability.

2. *Background.*

Lawrence L. Lillie was the controller of Cash Out Mortgage Corporation. Cash Out was a lender, using its credit with Franklin Bank, SSB, to fund loans. Franklin disbursed the funds to title companies, and then they transferred the funds to Cash Out.

Lillie and others were indicted for fraud in Florida. Lillie pleaded guilty to conspiracy to commit wire and bank fraud for his preparing false financial statements for Cash Out.

Franklin sued for fraud, breach of contract and warranties, fraudulent concealment, and other contract and misrepresentation claims. It named Cash Out, Lillie, two other executives, and the title companies that held funds for Cash Out's "lending." Lillie is the only remaining defendant; Cash Out, its executives, and one of the title companies defaulted. The other title companies were dismissed.

3.   *Analysis.*

Franklin seeks the level of damages set by the Florida court, attorney's fees, and pre-judgment interest. It argues that Lillie's admission of guilt there is a conclusive admission of liability here.

Franklin complains that Lillie is liable for common-law fraud. The elements of common-law fraud are (1) a material representation; (2) the representation was false; (3) when the representation was made, the speaker knew it was false or was reckless in unknowing; (4) the speaker intended that the other party should act on it; (5) the party acted reasonably in reliance on the representation; and (6) the party was injured as a consequence. *Allstate Ins. Co. v. Receivable Finance Co.*, 501 F.3d 398, 406 (5th Cir. 2007); *Mergens v. Dreyfoos*, 166 F.3d 1114, 1117 (11th Cir. 1999).

Lillie pleaded guilty to preparing false financial statements that overstated the assets, stockholder's equity, and income of Cash Out to obtain credit from Franklin Bank; Cash Out would not otherwise have been eligible for the loans. (Def.'s Indictment Count 1, ¶ 4). These false financial facts were material to Franklin's calculation of credit risk. As controller, Lillie knew the representations made to obtain credit from Franklin were false. This transaction was the predicate for the restitution ordered by the Florida court.

Lillie says his plea agreement is irrelevant, because he pleaded guilty to acts not alleged by Franklin. For instance, he admitted to falsifying Cash Out's financial statements, while Franklin merely alleged that the defendants made fraudulent representations of material fact. A proper statement of a claim gives fair notice of what the claim is and the nature of its support. *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1964 (2007); *see also* Fed. R. Civ. P. 8(a)(2). Franklin's complaint pleaded Lillie's indictment and misrepresentations. Neither Lillie's exact words nor the exact words of the indictment are required.

4.  *Conclusion.*

Franklin's complaint need not quote Lillie's plea to give notice of the claims against him. His plea is a judicial admission – beyond a reasonable doubt – of liability for the funds. Lawrence L. Lillie must pay Franklin Bank, SSB, restitution, attorney's fees, and pre-judgment interest.

Signed on April 11, 2008, at Houston, Texas.

　　　　　　　　　　　　　　　　　　　　　　　　　　　　　
　　　　　　　　　　　　　　　　　Lynn N. Hughes
　　　　　　　　　　　　　　　United States District Judge